IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| **CARLOS E. ROSARIO** <br> 123 E. Chestnut Street, Apt. A11 <br> Vineland, NJ 08360 <br><br> Plaintiff, <br><br> v. <br><br> **BUILDERS TRANSPORTATION CO.** <br> 3710 Tulane Road <br> Memphis, TN 38116 <br><br> <u>**SERVE ON RESIDENT AGENT:**</u> <br><br> CT Corporation System <br> 300 Montvue Road <br> Knoxville, TN 37919-5546 <br><br> And <br><br> **RASHIME OMAR GARDNER** <br> 702 Salisbury Road <br> Statesville, NC 28677 <br><br> Defendants. | Civil No.: |

## **COMPLAINT AND JURY DEMAND**

Plaintiff Carlos E. Rosario by undersigned counsel, Aaron M. Blank and the law firm of Shulman, Rogers, Gandal, Pordy and Ecker, P.A., hereby files this Complaint and Jury Demand and for his cause of action states as follows:

## **PARTIES**

1. At all times relevant hereto Plaintiff Carlos E. Rosario (hereinafter "Mr. Rosario") was an adult resident of Vineland County, New Jersey.

2. Upon information and belief and at all times relevant hereto Defendant Rashime Omar Gardner (hereinafter "Mr. Gardner") was an adult resident of Statesville, North Carolina

1

and an employee and/or agent, servant or ostensible agent, of Builders Transportation Company, operating within the scope of his employment with Defendant Builders Transportation Company.

3. Upon information and belief, and at all times relevant hereto, Defendant Builders Transportation Company was a corporation organized and existing under the laws of Tennessee with its principal place of business located in Memphis Tennessee.

4. Further, upon information and belief, Defendant Builders Transportation Company is qualified to do business in the United States including transporting freight to include building supplies to the general public throughout the United States including but not limited to Maryland.

5. Upon information and belief, the Builders Transportation Company was the employer and/or principal and master of the Defendant Rashime Omar Gardner.

6. In material respects, all of the claims and events alleged herein occurred in Frederick County, Maryland.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court over this civil action exists pursuant to 28 U.S.C. §1332 as the parties in this matter are citizens and corporations of different states and the matter in controversy exceeds the sum or value of $75,000.00.

8. Venue is proper in this judicial district pursuant to 28 U.S.C.§1391 (2), as the Defendant transacts business within this judicial district, and is thus subject to the jurisdiction of this court, and, the subject collision given rise to this matter occurred in Frederick County, Maryland.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. On or about August 14, 2018 at approximately 11:39 a.m., Plaintiff was a

restrained operator of a 2015 Volvo VN670 Tractor-trailer traveling westbound on Baltimore National Pike in Frederick County, Maryland.  He slowed pursuant to traffic ahead of him.

10. At that same time and place, Mr. Gardner was operating Defendant Builders Transportation Company's 2017 Freightliner Truck-trailer directly behind Plaintiff's vehicle.

11. Upon information and belief and pursuant to the State of Maryland's Motor Vehicle Crash Report, Mr. Gardner was failed to slow/stop pursuant to traffic ahead of him. His negligence caused the front of Defendant Builders Transportation's 2017 Freightliner Truck to violently strike the rear of the tractor-trailer Mr. Rosario was operating.

12. As a direct result of the tractor-trailer collision of August 14, 2018, caused by Mr. Garnder's negligence, Mr. Rosario has suffered and continues to suffer from bodily injuries, pain and suffering, pecuniary loss, lost wages, past and future medical expenses, and emotional distress.  Mr. Rosario's injuries include but are not limited to several bulging lumbar discs and bilateral lumbar radiculopathy.

### COUNT I- NEGLIGENCE
### Carlos Rosario v. Rashime Gardner

13. The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and further;

14. At all times relevant hereto, Mr. Gardner had a duty to Mr. Rosario to operate his motor vehicle in a careful and prudent manner for the conditions that existed.  This duty included, but was not limited to, dedicating full time and attention to the operation of his motor vehicle, reasonably controlling his speed, obeying the vehicular laws of the State of Maryland, and refraining from negligently striking other automobiles lawfully on the roadway.

15. Mr. Gardner breached that duty by operating his vehicle  in a negligent and

careless manner to include, but not limited to, by failing to control his speed, by failing to pay full time and attention, by failing to maintain a proper lookout, by failing to maintain control of his motor vehicle on a roadway to avoid a collision, by failing to exercise ordinary and reasonable care under the circumstances, by failing to slow pursuant to traffic ahead of him, by striking the rear of Mr. Rosario's vehicle, and was otherwise negligent by failing to obey all applicable motor vehicle laws of the State of Maryland.

16. As a direct result of the tractor-trailer collision of August 14, 2018, caused by Mr. Gardner's negligence, Mr. Rosario has suffered and continues to suffer from injuries, pain and suffering, pecuniary loss, lost wages, past and future medical expenses, and emotional distress. Mr. Rosario's injuries include but are not limited to several bulging lumbar discs and bilateral lumbar radiculopathy.

17. Mr. Rosario neither contributed to the negligence which caused this collision nor assumed the risk of the injuries sustained.

WHEREFORE, Plaintiff Carlos E. Rosario demands judgment against the Defendants Rashime O. Gardner and Builders Company Transportation, jointly and severally, in in an amount to exceed Seventy-Five Thousand Dollars ($75,000.00), for economic and non-economic damages, plus all costs and expenses of this litigation, plus post-judgment interest at the legal rate from the date of the judgment.

### COUNT II- RESPONDEAT SUPERIOR
### Carlos E. Rosario v. Builders Transportation Company

18. The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and further;

19. Upon information and belief, at all times relevant hereto, and pursuant to the State

of Maryland Motor Vehicle Accident Report of August 14, 2018, Defendant Builders Transportation Company owned a 2017 Freightliner Truck with a Vehicle Identification Number 3AKJGLDR9HSJD5149 and a semi-trailer Vehicle Identification Number 1GRDM96208H710280 (the tractor-trailer involved in the subject collision).

20.     On August 14, 2018, Builders Transportation Company permitted its truck and trailer to be operated by Defendant Gardner.  Mr. Gardner operated said vehicle pursuant to and in the scope of his agency and employment with Builders Transportation Company.

21.     Builders Transportation Company's employee/agent Mr. Gardner had a duty to Mr. Rosario to operate his motor vehicle in a careful and prudent manner for the conditions that existed.  This duty included, but was not limited to, dedicating full time and attention to the operation of his motor vehicle, reasonably controlling his speed, obeying the vehicular laws of the State of Maryland, and refraining from negligently striking other automobiles lawfully on the roadway.

22.     Builders Transportation Company's employee/agent Mr. Gardner breached that duty by operating his vehicle in a negligent and careless manner to include, but not limited to, by failing to control his speed, by failing to pay full time and attention, by failing to maintain a proper lookout, by failing to maintain control of his motor vehicle on a roadway to avoid a collision, by failing to exercise ordinary and reasonable care under the circumstances, by failing to slow pursuant to traffic ahead of him, by striking the rear of Mr. Rosario's vehicle, and was otherwise negligent by failing to obey all applicable motor vehicle laws of the State of Maryland.

23.     By operation of law, as master, employer and/or principal responsible for the acts of servants, employees, agents, and/or ostensible agents, Builders Transportation Company is vicariously liable for the negligence of employee/agent Mr. Gardner.

24. As a direct result of the tractor-trailer collision of August 14, 2018, caused by Mr. Gardner's negligence, Mr. Rosario has suffered and continues to suffer from injuries, pain and suffering, pecuniary loss, lost wages, past and future medical expenses, and emotional distress. Mr. Rosario's injuries include but are not limited to several bulging lumbar discs and bilateral lumbar radiculopathy.

25. Mr. Rosario neither contributed to the negligence which caused this collision nor assumed the risk of the injuries sustained.

WHEREFORE, Plaintiff Carlos E. Rosario demands judgment against the Defendants Rashime O. Gardner and Builders Company Transportation, jointly and severally, in in an amount to exceed Seventy-Five Thousand Dollars ($75,000.00), for economic and non-economic damages, plus all costs and expenses of this litigation, plus post-judgment interest at the legal rate from the date of the judgment.

## COUNT III- Negligent Hiring and Retention
### Carlos E. Rosario v. Builders Company Transportation

26. The substance of the foregoing factual allegations are hereby re-alleged and incorporated by reference herein, and Plaintiffs further states;

27. Defendant Builders Company Transportation had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee.

28. Defendant Builders Company Transportation owed such duty to Plaintiff and such duty was breached.

29. Defendant Builders Transportation Company knew, or should have known, that Defendant Rashime O. Gardner would be likely to operate a motor vehicle in a negligent and reckless manner.

30. Defendant Builders Transportation Company knew, or should have known, that

Defendant Rashime O. Garnder, was not competent or fit for the duties required of him as an employee.

31.     Defendant Builders Transportation Company breached their duty to use reasonable care to select and retain an employee that was competent and fit for the position.

32.     As a result of Defendant Builders Transportation Company's negligence in hiring and retaining Defendant Rashime O. Garnder, the Plaintiff was injured as alleged.

WHEREFORE, Plaintiff Carlos E. Rosario demands judgment against the Defendants Rashime O. Gardner and Builders Company Transportation, jointly and severally, in in an amount to exceed Seventy-Five Thousand Dollars ($75,000.00), for economic and non-economic damages, plus all costs and expenses of this litigation, plus post-judgment interest at the legal rate from the date of the judgment.

    SHULMAN, ROGERS, GANDAL
      PORDY & ECKER, P.A.

By: _____
    Aaron M. Blank (Federal Bar # 19300)
    12505 Park Potomac Avenue
    6th Floor
    Potomac, MD 20854
    (301)945-9271
    ablank@shulmanrogers.com
    *Counsel for Plaintiff*

### JURY DEMAND

Plaintiff elects to have all issues raised herein tried to a jury.

By: _____
    Aaron M. Blank (Federal Bar # 19300)

7